IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EUGENIO GARCIA                                                                                    PLAINTIFF

vs.                                          Civil No. 4:06-cv-04022

MICHAEL J. ASTRUE[1]                                                                          DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Eugenio Garcia[2] ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[3]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The Plaintiff's name is not consistent throughout the medical records and the filings.   In the Plaintiff's Original Petition, the Plaintiff was named "Eugenio Garcia." (Doc. No. 1). In the Plaintiff's appeal brief, the Plaintiff was named"Eugenio Garcia Escobedo." (Doc. No. 9).  In the Plaintiff's medical records, the Plaintiff was named "Eugenio S. Escobedo." (Tr. 157). These documents, however, indicate these inconsistencies are insignificant, and this Court will treat these inconsistencies as insignificant.

[3] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

**1. Background:**

On October 31, 2002, the Plaintiff protectively filed his application for SSI. (Tr. 57). In this application, the Plaintiff claimed he was disabled due to back pain and leg numbness. (Tr. 12). This application alleged an onset date of January 1, 2002.[4] (Tr. 57-58). The Plaintiff claimed he injured his back while picking up baskets filled with chickens. (Tr. 13). This application was initially denied on May 7, 2003 and again on reconsideration on July 25, 2003. (Tr. 33-36). The Plaintiff requested an administrative hearing which was held on April 26, 2005 in Texarkana, Arkansas. (Tr. 164-189). The Plaintiff was present and was represented by non-attorney counsel, Stanley Brummal, at the hearing. (Tr. 164-189). At the time of the hearing, the Plaintiff was 49 years old with a high school education.[5] (Tr. 12, 167-169).

On October 19, 2005, the ALJ entered an unfavorable decision and denied the Plaintiff's request for disability benefits. (Tr. 12-17). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 12, 16, Finding 1). The ALJ determined the Plaintiff had a history of treatment for back pain. (Tr. 12, 16, Finding 2). The ALJ concluded the Plaintiff's impairment was severe. (Tr. 16, Finding 6). However, the ALJ also concluded the Plaintiff's impairment or combination of impairments did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 16, Finding 2).

The ALJ evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's

---

[4] At the conclusion of his appeal brief, the Plaintiff indicates he has been suffering from disabling impairments since May 5, 1995. (Doc. No. 9, Page 18). However, there is nothing in the record indicating that the Plaintiff has been impaired since 1995; and since the Plaintiff's application alleges an onset date of January 1, 2002, this Court will apply that onset date.

[5] The ALJ indicated the Plaintiff only completed the eleventh grade. (Tr. 15). The Plaintiff's testimony, however, indicates that the Plaintiff completed high school in Mexico. (Tr. 169).

Residual Functional Capacity ("RFC"). (Tr. 16, Finding 6). The Plaintiff claimed he was unable to work because of back pain. (Tr. 12-16). The ALJ analyzed these subjective complaints of pain pursuant to *Polaski v. Heckler,* 751 F.2d 943 (1984) and pursuant to the guidelines in Social Security Ruling 96-7p. (Tr. 13-16). The ALJ concluded these subjective complaints of pain were not credible based upon the Plaintiff's medical records and the Plaintiff's daily activities and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr.13-16). Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform light work. (Tr. 16, Finding 6).

According to the Regulations, 20 C.F.R. § 404.1567 (2007), "light work" involves the following work:

> Lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ determined the Plaintiff could not perform his Past Relevant Work ("PRW").[6] (Tr. 16, Finding 5). Vocational Expert ("VE") Dianne Smith testified at the administrative hearing and addressed this issue. (Tr. 15, 164, 185-189). The VE testified the Plaintiff's PRW included work as a construction worker (heavy, semiskilled), chicken deboner (light to medium, unskilled), and

---

[6] The Plaintiff incorrectly claims the ALJ concluded the Plaintiff *could perform* his PRW. (Doc. No. 9, Page 15). The Plaintiff is incorrect in this claim, and the ALJ determined the Plaintiff could not perform his PRW. (Tr. 16, Finding 6).

3

general laborer (medium to heavy, unskilled). (Tr. 15, 186). The VE testified that a hypothetical person with the same RFC, age, work experience, and education as the Plaintiff could not perform the Plaintiff's PRW. (Tr. 188). The VE testified that the same hypothetical person would, however, be able to perform an unskilled, sedentary job such as a job as a mounter, adjuster, or polisher. (Tr. 188). The VE testified that there are more than10,000 such jobs in the region and more than100,000 such jobs nationally. (Tr. 188).

Even though he VE testified at the administrative hearing regarding the Plaintiff's ability to perform other jobs in the national economy, the ALJ did not rely upon the VE's testimony on this issue. (Tr. 15-16). Instead, the ALJ relied upon the Medical-Vocational Guidelines found in Appendix 2 to Subpart P of Regulations No. 4 ("Grids") in determining the Plaintiff could perform other jobs in the national economy. (Tr. 15-16). Specifically, the ALJ relied upon Rule 202.17 of the Grids in making this determination. (Tr. 16). The ALJ determined that, based upon the Plaintiff's RFC, age, education, and work experience, the Grids identified approximately 1600 separate sedentary and light unskilled occupations in eight broad occupational categories that the Plaintiff could perform. (Tr. 15-16). Based upon this finding, the ALJ concluded the Plaintiff was not disabled.[7] (Tr. 16, Finding 10).

On February 8, 2006, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On April 3, 2006, the Plaintiff filed the present appeal. (Doc. No. 1). This case was referred to the undersigned on April 11, 2007. The Plaintiff and the Defendant have filed

---

[7] The Plaintiff states in his appeal brief that the ALJ did not reach Step 5 in his analysis. (Doc. No. 9, Page 11). However, the ALJ clearly did reach Step 5 in his analysis and applied the Grids at Step 5. *See Beckley v. Apfel,* 152 F.3d 1056, 1059 (8th Cir. 1998) (holding that the Commissioner may meet his burden at Step 5 by application of the Grids).

appeal briefs.[8]  (Doc. Nos. 9-10).  This case is ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological

---

[8] The Defendant filed a twenty-nine (29) page appeal brief (which included attachments).  Pursuant to the Honorable Bobby E. Shepherd's Order dated June 1, 2006, the court reserved the right to strike appeal briefs that exceed twenty (20) pages.  (Doc. No. 8).  This Court will not strike the Defendant's appeal brief at this time, but this Court will, instead, treat the filing of this appeal brief as a motion to exceed the page limitation.  This Court grants that motion and will review and consider the Defendant's appeal brief in the present action.

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. Discussion:**

The Plaintiff brings the present appeal claiming (1) the ALJ erred in his application of the Listings, (2) the ALJ erred in his RFC determination, and (3) the ALJ erred in his credibility determination. (Doc. No. 9). The Defendant argues the ALJ properly concluded the Plaintiff did not qualify under any of the Listings, properly considered all of the Plaintiff's impairment(s), and properly evaluated the Plaintiff's credibility. (Doc. No. 10). Upon a careful review of the transcript and the parties' appeal briefs, this Court finds the Plaintiff's arguments are without merit and the ALJ's disability determination is supported by substantial evidence and should be affirmed.

**A. The ALJ's Listing Determination**

The Plaintiff claims the ALJ erred by concluding that the Plaintiff did not qualify under one of the Listings. The Plaintiff claims he qualifies under one of the Listings due to his chronic back pain, left leg numbness, left "drop foot," neck pain, shaking of the hands, numbness of the legs, neuropathy, and osteoarthritis. (Doc. No. 9, Page 6). The Plaintiff, however, does not indicate which specific Listing, out of the fourteen different bodily systems, applies to him. (Doc. No. 9, Pages 6-7). The Defendant claims the Plaintiff does not qualify under any of the Listings. (Doc. No. 10, Page 4). The Defendant also claims that, because the Plaintiff does not clearly indicate which Listing applies to him based upon his claimed impairment(s), the Plaintiff's argument is vague and should not be considered by this Court in this appeal. (Doc. No. 10, Pages 4-5).

This Court finds this argument is too vague to be addressed by this Court. The Plaintiff has not specified how the ALJ failed to properly apply the Listings. The Plaintiff has not specified which of the Listings he satisfies based upon his impairment(s). It is the Plaintiff's burden to establish that he qualifies under one of the Listings. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The Plaintiff has not provided this Court with any evidence to support a holding that he qualifies under one of the Listings. Thus, this Court will not address this argument.

**B. The ALJ's RFC Determination**

In a similarly vague manner, the Plaintiff claims the ALJ did not properly consider his nonexertional impairment(s) in his RFC determination. (Doc. No. 9, Pages 7-8). The Plaintiff argues that because the ALJ failed to consider the nonexertional impairment(s) and erred in his RFC determination, the ALJ also erred in applying the Grids. (Doc. No. 9, Pages 7-8). The Plaintiff also argues the ALJ improperly determined the Plaintiff retained the RFC to perform a full range of light work. (Doc. No. 9, Pages 7-8). The Defendant claims the ALJ properly determined the

Plaintiff's RFC and properly applied the Grids in his determination. (Doc. No. 10, Pages 5-13).

This Court finds the ALJ properly determined the Plaintiff's RFC. As an initial matter, the Plaintiff has the burden to prove his RFC. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). In the present action, the Plaintiff has not met his burden of establishing (1) that he suffers from a nonexertional impairment or impairments, (2) that the nonexertional impairment or impairments limit his RFC, or (3) that the ALJ erred in finding the Plaintiff retained the RFC for light work.

First, the Plaintiff has not met his burden of establishing that he suffers from a nonexertional impairment or impairments. The Plaintiff merely states that "chronic pain, depression, and lack of manual dexterity" are all nonexertional impairments. (Doc. No. 9, Page 7). The Plaintiff does not attempt to establish that *he* suffers from these nonexertional impairments and does not provide any medical records indicating he suffers from these nonexertional impairments. Instead, he merely states that these impairments are classified as nonexertional impairments. Furthermore, the Plaintiff himself is not even sure if he suffers from a nonexertional impairment or impairments. In one part of his appeal brief, he claims that his impairment or impairments are nonexertional and then in another part of his appeal brief, he claims that his impairment or impairments are purely exertional. (Doc. No. 9, Page 8).

Second, the Plaintiff has not met his burden of establishing that his nonexertional impairment or impairments, if any, limit his RFC. The Plaintiff does not reference any medical records indicating that his RFC is limited by a nonexertional impairment or impairments. A nonexertional impairment should only be considered at this stage of the Court's analysis if that impairment significantly limits a claimant's RFC. *See Reed v. Sullivan,* 988 F.2d 812, 816 (8th Cir. 1993).

Third, the Plaintiff has not met his burden of establishing that the ALJ improperly determined the Plaintiff retained the RFC to perform a full range of light work. (Doc. No. 9, page 17). The ALJ made this RFC determination based upon the Plaintiff's medical records and the Plaintiff's testimony at the administrative hearing. (Tr. 12-17). The ALJ did not make this determination based upon the testimony of the VE.[9] (Tr. 12-17). The Plaintiff claims the ALJ was required to hear testimony from a VE prior to making this RFC determination. (Doc. No. 9, page 17). This argument, however, is without merit. The ALJ is not required to base his RFC determination upon the testimony of a VE, absent very limited exceptions. *See Beckley v. Apfel,* 152 F.3d 1056, 1059-60 (8th Cir. 1998). Instead, the ALJ's RFC determination must be based upon "all relevant evidence, including medical records, observations of treating physicians and others, and Anderson's [the plaintiff's] own description of her limitations." *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995).

In the present action, the ALJ properly reviewed all relevant evidence in the record prior to making this RFC determination. (Tr. 12-17). As a result of this review, the ALJ determined the Plaintiff retained the RFC for light work. (Tr. 17, Finding 6). The ALJ's determination is supported by the Plaintiff's medical records which indicate the Plaintiff is not restricted in his ability to perform a full range of light work. (Tr. 15). Furthermore, the Plaintiff has not referenced any medical records or other documents indicating the Plaintiff was restricted in his ability to perform light work. The Plaintiff's mere claim that the ALJ erred in his RFC determination, without any supporting evidence, is insufficient to establish the ALJ erred. Accordingly, based upon the medical records and other evidence in the transcript, this Court finds the ALJ's RFC

---

[9] In fact, the ALJ's determination is inconsistent with the VE's testimony. The VE testified that the Plaintiff only retained the RFC for *sedentary* work, not for light work. (Tr. 188).

9

determination is supported by substantial evidence.[10]

Further, this Court finds that since the ALJ properly determined the Plaintiff could perform a full range of light work, the ALJ also properly applied this RFC determination to the Grids.[11] *See Reed v. Sullivan,* 988 F.2d 812, 816 (8th Cir. 1993) (holding that the ALJ may rely on the Grids to direct a conclusion of either disabled or not disabled without resorting to vocational expert testimony if the ALJ determines the claimant's nonexertional limits do not significantly limit the claimant's RFC).

**C. The ALJ's Credibility Determination**

The Plaintiff also claims that he suffers from "chronic severe pain" and that the ALJ improperly discounted the Plaintiff's subjective complaints of pain.[12] (Doc. No. 9, Page 15). Specifically, the Plaintiff claims the ALJ erred in this credibility determination by failing to make specific findings of any inconsistencies between the Plaintiff's subjective complaints of pain and the other evidence in the record. (Doc. No. 9, Page 16). The Defendant argues the ALJ properly reviewed the Plaintiff's medical records and the Plaintiff's daily activities in making his credibility

---

[10] The Plaintiff also claims the ALJ's determination was not supported by substantial evidence because, after the hearing, the Plaintiff was sent to see Dr. Sharma, a Physical Medicaid and Rehabilitation Specialist, and was not sent to see an orthopedic doctor. (Doc. No. 9, Page 10). The Plaintiff, however, fails to state a basis for reversing the ALJ's decision. The proper argument might be that the ALJ failed to develop the record by not sending the Plaintiff to a orthopedic doctor after the hearing. However, the ALJ did not fail to develop the record in the present action. The Plaintiff was treated by several doctors from December of 2001 through May of 2004, and there was sufficient evidence in the record for the ALJ to make an informed decision. *See Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994). Furthermore, the Plaintiff has not established how he was prejudiced by this failure. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). Thus, the ALJ did not error by failing to develop the record.

[11] The Plaintiff also inconsistently argues both that the Grids should have been applied to this action (Doc. No. 9, Page 8) and that the Grids should not have been applied to this action (Doc. No. 9, Pages 7-8). Assuming the Plaintiff is arguing the Grids were improperly applied in the present action, this Court, after review of this issue, finds Plaintiff's argument without merit and that the Grids were properly applied.

[12] The Plaintiff 's argument that the Plaintiff suffers from chronic pain is largely conclusory. The Plaintiff's argument is presented almost entirely without support: "Why did the ALJ not believe the Plaintiff? He [the Plaintiff] was not overstating his pain." (Doc. No. 9, Page 15).

determination. (Doc. No. 10, Pages 9-10). The Defendant argues the ALJ also properly made specific findings in his credibility determination and the ALJ's credibility determination is entitled to deference. (Doc. No. 10, Pages 9-10).

In evaluating the Plaintiff's subjective complaints of pain, the ALJ is required to give careful consideration to all avenues presented that relate to such matters as: (1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and aggregating factors (*e.g.,* movement, activity, environmental conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) functional restrictions; and (5) the claimant's daily activities. *See Polaski,* 751 F.2d at 948. The ALJ must consider all of the *Polaski* factors when evaluating the Plaintiff's subjective allegations of pain. *See Cline v. Sullivan,* 939 F.2d 560, 565 (8th Cir. 1991). As long as the ALJ properly applies *Polaski* and gives several valid reasons for his finding that the Plaintiff's subjective complaints of pain are not entirely credible, the ALJ's credibility determination is entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007); *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).

In the present action, the ALJ properly considered and applied *Polaski* and its factors. (Tr. 14-15). The ALJ also based this credibility determination upon several valid findings. (Tr. 12-17). Specifically, the ALJ made at least three valid findings indicating that the record was inconsistent with the Plaintiff's claimed level of disabling pain. (Tr. 15). The ALJ noted that despite the Plaintiff's claims of disabling pain, no physician had placed any restriction on the Plaintiff's ability to work. (Tr. 15). The ALJ found the Plaintiff was still able to perform his daily activities. (Tr. 15). Furthermore, the ALJ noted that despite the Plaintiff's claims of disabling pain, the Plaintiff did not seek medical treatment for his back pain for at least two years (from 2002 to 2004). (Tr. 15-16). These findings indicate the Plaintiff's subjective complaints of pain were not credible.

11

Thus, since the ALJ based his credibility determination upon three valid findings, the ALJ's credibility determination is entitled to deference. *See Woodruff,* 2007 WL 913854, at *1.

### 4. Conclusion:

Accordingly, based on the foregoing, the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of May, 2007.**

                                                       /s/   Barry A. Bryant
                                                       Honorable Barry A. Bryant
                                                       United States Magistrate Judge